IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| ROBERT MATHEW HOLGUIN, JR., | CV 18-00014-GF-BMM-JTJ |
| Plaintiff, | |
| vs. | ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES OF MAGISTRATE JUDGE |
| CASCADE COUNTY, et al., | |
| Defendants. | |

Plaintiff Robert Holguin, a prisoner proceeding in forma pauperis and without counsel, has filed a motion to proceed in forma pauperis (Doc. 1) and a proposed Complaint alleging he has been confined in unconstitutional conditions of confinement at the Cascade County Detention Facility.  (Doc. 2).

Mr. Holguin's motion to proceed in forma pauperis will be granted and Defendants Cascade County; Cascade County Sheriff's Office/Cascade County Adult Detention Center; Sheriff Bob Edwards; Commander O'Fallen; Officers Bennett, Light, Vanzout, Tibbetts, Gameon, and Walters will be required to respond to Mr. Holguin's claims of overcrowding at the Cascade County Detention Center, excessive use of force, failure to properly decontaminate after use of pepper spray, interference with legal mail and denial of hygiene items as

1

alleged in Counts I, II, IV, V of the Complaint.

## I.  MOTION TO PROCEED IN FORMA PAUPERIS

Pursuant to 28 U.S.C. § 1915(b)(1), Mr. Holguin must pay the statutory filing fee of $350.00.  Mr. Holguin submitted an account statement showing an inability to pay that fee; therefore, the initial partial filing fee is waived, and he may proceed with the case.  *See Bruce v. Samuels*, 136 S.Ct 627, 629 (2016)("the initial partial filing fee may not be exacted if the prisoner has no means to pay it, § 1915(b)(4)").

Mr. Holguin will be required to pay the filing fee in installments and make monthly payments of 20% of the preceding month's income credited to his prison trust account.  The percentage is set by statute and cannot be altered.  28 U.S.C. § 1915(b)(2).  Mr. Holguin must make these monthly filing-fee payments simultaneously with the payments required in any other cases he has filed.  *Id.*  By separate order, the Court will direct the facility where Mr. Holguin is held to forward payments from Mr. Holguin's account to the Clerk of Court each time the account balance exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

## II.  PARTIES

Mr. Holguin names the following Defendants:  Cascade County; Cascade

2

County Sheriff's Office/Cascade County Adult Detention Center; Sheriff Bob Edwards; Commander O'Fallen; Officers Bennett, Light, Vanzout, Tibbetts, Gameon, and Walters; the Cascade County Attorney's Office, Cascade County Attorney Joshua A. Rocki, Cascade County Attorney Valerie Winfield, Cascade County Attorney Stephanie Fueller, the Great Falls Police Department, Great Falls Police Department Detective Kaylin Cunningham, and Great Falls Police Department Detective Noah Scott.  (Complaint, Doc. 2 at 2-8.)

## III.  ALLEGATIONS

Mr. Holguin brings claims of:  (1) overcrowding; (2) excessive force and failure to decontaminate after use of pepper spray; (3) denial of literature; (4) interference with legal mail; (5) denial of hygiene items, and (6) challenges to the basis for his incarceration.  (Complaint, Doc. 2 at 10-15.)

## IV.  SCREENING PURSUANT TO 28 U.S.C. §§ 1915, 1915A

### A.  Standard

Mr. Holguin is a prisoner proceeding in forma pauperis so the Court must review his Complaint under 28 U.S.C. §§ 1915, 1915A.  Sections 1915A(b) and 1915(e)(2)(B) require the Court to dismiss a complaint filed in forma pauperis and/or by a prisoner against a governmental defendant before it is served if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or

seeks monetary relief from a defendant who is immune from such relief.  A

complaint is frivolous if it "lacks an arguable basis either in law or in fact."

*Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  "A case is malicious if it was filed

with the intention or desire to harm another."  *Andrews v. King*, 398 F.3d 1113,

1121 (9th Cir. 2005).  A complaint fails to state a claim upon which relief may be

granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief."

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted).

Rule 8 of the Federal Rules of Civil Procedure provides that a complaint

"that states a claim for relief must contain . . . a short and plain statement of the

claim showing that the [plaintiff] is entitled to relief."  Fed.R.Civ.P. 8(a)(2).  That

is, a complaint must "contain sufficient factual matter, accepted as true, to state a

claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009) (quotations omitted).  A complaint's allegations must cross "the line from

conceivable to plausible."  *Iqbal*, 556 U.S. at 680.

There is a two-step procedure to determine whether a complaint's

allegations cross that line.  *See Twombly*, 550 U.S. at 556; *Iqbal*, 556 U.S. 662.

First, the Court must identify "the allegations in the complaint that are not entitled

to the assumption of truth."  *Iqbal*, 556 U.S. at 679, 680.  Factual allegations are

not entitled to the assumption of truth if they are "merely consistent with liability,"

or "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional" claim. *Id.* at 679, 681. A complaint stops short of the line between probability and the possibility of relief where the facts pled are merely consistent with a defendant's liability. *Id.* at 678.

Second, the Court must determine whether the complaint states a "plausible" claim for relief. *Iqbal*, 556 U.S. at 679. A claim is "plausible" if the factual allegations, which are accepted as true, "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). If the factual allegations, which are accepted as true, "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief." *Id.* (*citing* Fed.R.Civ.P. 8(a)(2)).

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardu*, 551 U.S. 89, 94 (2007); *cf.* Fed. Rule Civ. Proc. 8(e) ("Pleadings must be construed so as to do justice").

### B.  Analysis

#### 1.  Denial of Literature

Prisoners do not have a constitutional right to rehabilitation, including rehabilitative programs and services.  *Marshall v. U.S.*, 414 U.S. 417, 421 (1974) (no fundamental right to rehabilitation from narcotics addiction), *Rizzo v. Dawson*, 778 F.2d 527, 530 (9th Cir.1985) (no constitutional right to rehabilitation in the context of a vocational instruction course).  Nor does Mr. Holguin have a constitutional right any reading materials he wishes.

Inmates have a "fundamental constitutional right of access to the courts." *Bounds v. Smith*, 430 U.S. 817, 828 (1977).  This includes "both a right to meaningful access to the courts and a broader right to petition the government for a redress of his grievances."  *Silva v. Di Vittorio*, 658 F.3d 1090, 1102 (9th Cir. 2011), *invalidated on other grounds by Coleman v. Tollefson*, __U.S.__, 135 S. Ct. 1759 (2015).  There are two types of access to the courts claims:  "those involving prisoners' right to affirmative assistance and those involving prisoners' rights to litigate without active interference."  *Silva*, 658 F .3d at 1102.

To show a violation of either type of right to access to the courts, an inmate must demonstrate he or she experienced an "actual injury," in that there was a specific instance in which he was denied access.  *Lewis v. Casey*, 518 U.S. 343,

349-352 (1996).  An inmate must show that alleged deficiencies in active assistance, or incidents of interference actually prevented the inmate from pursuing and filing a non-frivolous legal claim, or caused the dismissal of a viable action.  *Id.* at 351.  Also, the injury requirement is "not satisfied by just any type of frustrated legal claim."  *Id.* at 354-55.  It only attaches if an inmate is denied access with regard to a direct appeal from their conviction, habeas petitions, or civil rights actions challenging the conditions of their confinement.  *Id.*

Here, Mr. Holguin has not sufficiently alleged that he suffered any actual injury.  He does not identify any actual adverse consequences caused by the alleged inadequacies of legal resources available to him at the Cascade County Detention Facility.  No authority exists for the proposition that this right extends to require prisons to provide prisoners with educational books or other reading materials for the prisoners' entertainment.

Mr. Holguin's allegations fail to state a claim upon which relief may be granted and he has failed to state a claim for denial of access to the courts.  To the extent Mr. Holguin can allege additional facts to attempt to cure these defects, he may file an amended complaint.

### 2.  Ongoing Criminal Proceedings

In Count VI, Mr. Holguin alleges the Montana initiative known as Marcy's

Law has unconstitutionally interfered with his criminal proceedings.  There is a strong policy against federal intervention in pending state judicial processes in the absence of extraordinary circumstances.  *Younger v. Harris*, 401 U.S. 37, 43-45 (1971); *see also Gilbertson v. Albright*, 381 F.3d 965, 973 (9th Cir. 2004) (quoting *Middlesex County Ethics Committee v. Garden State Bar Association*, 457 U.S. 423, 431 (1982)).  "*Younger* abstention is a jurisprudential doctrine rooted in overlapping principles of equity, comity, and federalism." *San Jose Silicon Valley Chamber of Commerce Political Action Committee v. City of San Jose*, 546 F.3d 1087, 1091 (9th Cir. 2008).  Specifically, *Younger* directs federal courts to abstain from granting injunctive or declaratory relief that would interfere with pending state or local criminal proceedings.  *Gilbertson*, at 381 F.3d at 968.

> *Younger* abstention also applies to federal civil actions under § 1983 requesting money damages.  *Gilbertson v. Albright*, 381 F.3d 965, 979 (9th Cir. 2004).  Claims for damages which turn on alleged violations of constitutional rights caused by ongoing criminal prosecutions implicate the same grounds for abstention as are implicated by claims for injunctive and declaratory relief. *Gilbertson*, 381 F.3d at 979-980.

> "Abstention in civil cases 'is appropriate only when the state proceedings: (1) are ongoing, (2) are quasi-criminal enforcement actions or involve a state's

interest in enforcing the orders and judgments of its courts, (3) implicate an important state interest, and (4) allow litigants to raise federal challenges.'" *Cook v. Harding*, 879 F.3d 1035, 1039 (9th Cir. 2018)(*quoting ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 759 (9th Cir. 2014), *Sprint Commc'ns., Inc. v. Jacobs*, ––– U.S. ––––, 134 S.Ct. 584, 593–94, 187 L.Ed.2d 505 (2013)).

Where applicable, *Younger* abstention is mandatory.  Absent exceptional circumstances, the district courts do not have discretion to avoid the doctrine if the elements of *Younger* abstention exist in a particular case. *City of San Jose*, 546 F.3d at 1092 (citation omitted).  The recognized exceptional circumstances are limited to "a 'showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate.'" *Id*. (quoting *Middlesex County Ethics Committee v. Garden State Bar Association*, 457 U.S. 423, 435 (1982)).

All of the elements of *Younger* abstention are established in this case.  First, Mr. Holguin admits there are ongoing criminal proceedings pending against him in state court.  Second, the referenced criminal proceedings implicate important state interests.  The State of Montana, through its state and local prosecuting offices, has a significant state interest in prosecuting conduct that constitutes a criminal

offense under the laws of Montana.  This Court may not interfere with those interests when that prosecutorial process is ongoing as alleged by Mr. Holguin.

Third, with regard to Mr. Holguin's opportunity to raise any issue, or to assert any constitutional right in the state court — matters that he is attempting to present to this Court — he bears the burden to establish "that state procedural law bar[s] presentation of [his] claims[]" in the state court proceedings.  *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987) (quoting *Moore v. Sims*, 442 U.S. 415, 432 (1979)).  Mr. Holguin has opportunities under Montana law, and the laws and rules of criminal procedure set forth in Title 46, Mont. Code Ann., to file motions, or to request certain forms of relief from the state court to address the alleged violations of his constitutional rights relative to his prosecution as pled in this case.

Fourth, any interference by this Court in Mr. Holguin's state court criminal proceedings would interfere with the state court proceedings in a way that *Younger* disapproves.

The Court can see no exceptional circumstances that would render *Younger* abstention inapplicable.  Consequently, the Court should abstain from proceeding with consideration of Mr. Holguin's allegations regarding his ongoing state court criminal proceedings as set forth in Count VI of his Complaint.  (Doc. 2 at 15.)

Additionally, the Cascade County Attorney's, Cascade County Attorney Joshua A. Rocki, Cascade County Attorney Valerie Winfield, Cascade County Attorney Stephanie Fueller, the Great Falls Police Department, Great Falls Police Department Detective Kaylin Cunningham, and Great Falls Police Department Detective Noah Scott will not be required to respond to the Complaint at this time.

### 3. Remaining Claims

The Court has considered whether the remainder of Mr. Holguin's claims are frivolous, malicious, fail to state a claim, or seek solely monetary relief from a defendant who is immune. *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b). It has also considered whether Mr. Holguin has a reasonable opportunity to prevail on the merits. *See* 42 U.S.C. § 1997e(g). Dismissal is not appropriate at this time. Defendants Cascade County; Cascade County Sheriff's Office/Cascade County Adult Detention Center; Sheriff Bob Edwards; Commander O'Fallen; Officers Bennett, Light, Vanzout, Tibbetts, Gameon, and Walters must respond to Mr. Holguin's claims of overcrowding at the Cascade County Detention Center, excessive use of force, failure to properly decontaminate after use of pepper spray, interference with legal mail, and denial of hygiene items (Counts I, II, IV, V). *See* 42 U.S.C. § 1997e(g)(2) (while Defendants may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail,

prison, or other correctional facility under section 1983," once the Court has

conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and §

1915A(b), and thus, has made a preliminary determination based on the face on

the pleading alone that plaintiff has a "reasonable opportunity to prevail on the

merits," Defendant is required to respond).

Based on the foregoing, the Court issues the following:

## ORDER

1.  Mr. Holguin's Motion to Proceed in Forma Pauperis (Doc. 1) is granted.

The Clerk shall edit the text of the docket entry for the Complaint (Doc. 2) to

remove the word "LODGED."  The Complaint is deemed filed on January 29,

2018.

2.  Pursuant to Fed. R. Civ. P. 4(d), the Court will request Defendants

Cascade County; Cascade County Sheriff's Office/Cascade County Adult

Detention Center; Sheriff Bob Edwards; Commander O'Fallen; Officers Bennett,

Light, Vanzout, Tibbetts, Gameon, and Walters to waive service of summons of

the Complaint by executing, or having counsel execute, the Waiver of Service of

Summons.  The Waiver must be returned to the Court within thirty (30) days of the

entry date of this Order as reflected on the Notice of Electronic Filing.  If

Defendants choose to return the Waiver of Service of Summons, their answer or

appropriate motion will be due within 60 days of the entry date of this Order as

reflected on the Notice of Electronic Filing, pursuant to Fed. R. Civ. P.

12(a)(1)(B).  *See also* 42 U.S.C. § 1997e(g)(2).

    3.  The Clerk of Court shall forward the documents listed below to:

| | |
|---|---|
| Joshua Racki | Sheriff Bob Edwards, Commander O'Fallen, |
| Cascade County Attorney | Officers Bennett, Light, Vanzout, Tibbetts, |
| 121 4th Street North #2A | Gameon, and Walters |
| Great Falls, MT 59401 | Cascade County Detention Center |
| | 3800 Ulm North Frontage Road |
| | Great Falls, MT 59404 |

    *     Complaint (Doc. 2);
    *     this Order;
    *     a Notice of Lawsuit & Request to Waive Service of Summons; and
    *     a Waiver of Service of Summons

    Counsel for Defendants must file a "Notice of Appearance" as a separate

document at the time an Answer or Rule 12 motion is filed.  *See* D. Mont. L.R.

12.2.

    4.  Any party's request that the Court grant relief, make a ruling, or take an

action of any kind must be in the form of a motion, with an appropriate caption

designating the name of the motion, served on all parties to the litigation, pursuant

to Federal Rules of Civil Procedure 7, 10, and 11.  If a party wishes to give the

Court information, such information must be presented in the form of a notice.

The Court will not consider requests made or information presented in letter form.

5.  Mr. Holguin must not make any motion for default until at least 70 days after the date of this Order.

6.  Pursuant to Local Rule 26.1(d), no party may begin discovery until a Scheduling Order has been issued.

7.  At all times during the pendency of these actions, Mr. Holguin must immediately advise the Court and opposing counsel of any change of address and its effective date.  Failure to file a Notice of Change of Address may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Further, the Court issues the following:

## RECOMMENDATIONS

The Court should ABSTAIN from hearing Mr. Holguin's claims regarding his ongoing state court criminal prosecution as set forth in Count VI of his Complaint against Defendants Cascade County, Cascade County Attorney's Office, Cascade County Attorney's Office Employees Joshua A. Racki, Valerie M. Winfield, Stephanie L. Fueller, Great Falls Police Department, and Great Falls Police Department employees Detective Kaylin Cunningham and Detective Noah Scott.  If Mr. Holguin desires to continue with his claims raised in Count VI of his Complaint after disposition of the state court criminal proceedings, he must file a motion requesting that the stay lifted within thirty days of disposition of those

14

proceedings, unless an appeal is filed.  If he appeals, any request to reopen and lift

the stay must be filed within thirty days of completion of the appellate process.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Holguin may file objections to these Findings and Recommendations

within fourteen (14) days after service (mailing) hereof.[1]  28 U.S.C. § 636.  Failure

to timely file written objections may bar a de novo determination by the district

judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of

Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed

until entry of the District Court's final judgment.

DATED this 27th day of February, 2018.


            /s/ John Johnston
            John Johnston
            United States Magistrate Judge


---

[1]Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)."  Therefore, since Mr. Holguin is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| ROBERT MATHEW HOLGUIN, JR., | CV 18-00014-GF-BMM-JTJ |
| Plaintiff, | |
| vs. | Rule 4 Notice of a Lawsuit and Request to Waive Service of Summons |
| CASCADE COUNTY, et al., | |
| Defendants. | |

To:

Joshua Racki                                  Sheriff Bob Edwards; Commander O'Fallen;
Cascade County Attorney              Officers Bennett, Light, Vanzout, Tibbetts,
121 4th Street North #2A               Gameon, and Walters
Great Falls, MT 59401                     Cascade County Detention Center
                                                         3800 Ulm North Frontage Road
                                                         Great Falls, MT 59404

A lawsuit has been filed against you or individuals you may represent in this Court under the number shown above.  A copy of the Complaint is attached.

This is not a summons, or an official notice from the court.  It is a request that, to avoid the cost of service by the U.S. Marshal's Service, you waive formal service of a summons by signing and returning the enclosed waiver.  To avoid these expenses, you must file the signed waiver within 30 days from the date shown below, which is the date this notice was sent.

1

If you file the signed waiver, the action will then proceed as if Defendants had been served on the date the waiver is filed, but no summons will be served on Defendants and Defendants will have 60 days from the date this notice is sent (see the date below) to answer the claims of Mr. Holguin contained in the Complaint.

If you do not return the signed waiver within the time indicated, the Court will order the U.S. Marshal's Service to serve the summons and Complaint on Defendants and may impose the full costs of such service.

Please read the statement below about the duty to avoid unnecessary expenses.

DATED this 27th day of February, 2018.


_/s/ John Johnston_
John Johnston
United States Magistrate Judge

2

### Duty to Avoid Unnecessary Expenses of Serving a Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does not include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| ROBERT MATHEW HOLGUIN, JR.,<br><br>             Plaintiff,<br><br>     vs.<br><br>CASCADE COUNTY, et al.,<br><br>             Defendants. | CV 18-00014-GF-BMM-JTJ<br><br><br>Rule 4 Waiver of the Service of<br>Summons |

TO:   The U.S. District Court for the District of Montana

The following Defendants acknowledge receipt of the request to waive service of summons in this case.  Defendants also received a copy of the Complaint. I am authorized by the following Defendants to agree to save the cost of service of a summons and an additional copy of the Complaint in this action by not requiring that the following individual be served with judicial process in the case provided by Fed.R.Civ.P. 4:

_____,     _____,

_____,     _____,

_____,     _____,

_____,     _____,

_____,     _____,

1

The above-named Defendants understand that they will keep all defenses or objections to the lawsuit, the Court's jurisdiction, and the venue of the action, but waive any objections to the absence of a summons or of service.

Defendants also understand that they must file and serve an answer or a motion under Rule 12 within 60 days from the date when the Request for Waiver of Service of Summons was filed and if they fail to so default judgment will be entered against them.

Date: _____

_____
(Signature of the attorney
or unrepresented party)


_____
(Printed name)


_____
(Address)


_____
(E-mail address)


_____
(Telephone number)

2