# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| ROBERT MATHEW HOLGUIN, JR., <br><br> Plaintiff, <br><br> vs. <br><br> CASCADE COUNTY, et al., <br><br> Defendants. | CV-18-00014-GF-BMM-JTJ <br><br><br> **ORDER** |

Plaintiff Robert M. Holguin, Jr. filed a Complaint alleging that he has been confined in unconstitutional conditions of confinement at the Cascade County Detention Facility. (Doc. 2.) United States Magistrate Judge John Johnston entered Findings and Recommendations in this matter on February 27, 2018. (Doc. 4.) Neither party filed objections.

When a party makes no objections, the Court need not review *de novo* the proposed Findings and Recommendations. *Thomas v. Arn*, 474 U.S. 140, 149-52 (1986). This Court will review Judge Johnston's Findings and Recommendations, however, for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

1

Holguin alleges the following claims: (1) overcrowding; (2) excessive force and failure to decontaminate after use of pepper spray; (3) denial of literature; (4) interference with legal mail; (5) denial of hygiene items; and (6) challenges to the basis for his incarceration. (Doc. 4 at 3.)

Judge Johnston determined that § 1915A(b) and § 1915(e)(2)(B) require the Court to dismiss a complaint if the complaint fails to state a claim upon which relief may be granted. (Doc. 4 at 3.) The Court will find the complaint to be frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted if the plaintiff fails to allege the grounds of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Holguin proceeds pro se. A document filed by a pro se litigant must be liberally construed and a pro se litigant must be held to less stringent standards. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

**A. Denial of Literature**

Judge Johnston determined that prisoners do not possess a constitutional right to rehabilitation, including rehabilitative programs and services. *Marshall v. United States*, 414 U.S. 417, 421 (1974). Judge Johnston correctly determined that

Holguin possesses no constitutional right to any reading materials he wishes. (Doc. 4 at 6.) Judge Johnston further correctly determined that Holguin has not sufficiently alleged that he suffered any actual injury caused by the alleged inadequate legal resources available to him. Holguin's allegations fail to state a claim upon which relief may be granted. *Id.* at 7. If Holguin can allege additional facts to cure these defects, he may file an amended complaint. *Id.*

### B. Ongoing Criminal Proceedings

Holguin alleges the Montana initiative known as Marcy's Law has unconstitutionally interfered with his criminal proceedings. Judge Johnston determined there exists a strong policy against federal intervention in pending state judicial processes in the absence of extraordinary circumstances. *Younger v. Harris*, 401 U.S. 37, 43-45 (1971).

Judge Johnston correctly determined that all of the elements of *Younger* abstention are present in this case. (Doc. 4 at 9.) Holguin admitted that he has ongoing criminal proceedings against him in state court. *Id.* The referenced criminal proceedings implicate important state interests. *Id.* Holguin has the opportunity to request relief from the state court to address the alleged violations of his constitutional rights. *Id.* at 10. Finally, this Court will not interfere in a state court's proceedings absent an exceptional circumstance. *Id.* The Court will abstain

3

from proceeding with consideration of Holguin's allegations regarding his ongoing state court criminal proceedings.

**C. Remaining Claims**

Judge Johnston considered whether the remainder of Holguin's claims are frivolous, malicious, fail to state a claim, or seek solely monetary relief from a defendant who remains immune. (Doc. 4 at 11.) Judge Johnston also considered whether Holguin has a reasonable opportunity to prevail on the merits. *Id.* Judge Johnston correctly determined that dismissal does not remain appropriate at this time. *Id.* The Court will require response to Holguin's claims of overcrowding at the Cascade County Detention Center, excessive use of force, failure to properly decontaminate after use of pepper spray, interference with legal mail, and denial of hygiene items.

The Court has reviewed Judge Johnston's Findings and Recommendations for clear error. The Court finds no error in Judge Johnston's Findings and Recommendations, and adopts them in full.

**IT IS ORDERED** that Judge Johnston's Findings and Recommendations (Doc. 4), are ADOPTED IN FULL.

**IT IS FURTHER ORDERED** that the Court shall ABSTAIN from hearing Holguin's claims regarding his ongoing state court criminal prosecution as set forth in Count VI of his Complaint against Defendants Cascade County, Cascade

4

County Attorney's Office, Cascade County Attorney's Office Employees Joshua A. Racki, Valerie M. Winfield, Stephanie L. Fueller, Great Falls Police Department, and Great Falls Police Department employees Detective Kaylin Cunningham and Detective Noah Scott. If Holguin desires to continue with his claims raised in Count VI after disposition of the state court criminal proceedings, he must file a motion requesting that the stay lifted within thirty days of disposition of those proceedings, unless an appeal is filed. If he appeals, any request to reopen and lift the stay must be filed within thirty days of completion of the appellate process.

      DATED this 5th day of April, 2018.

*/s/ Brian Morris*

Brian Morris
United States District Court Judge