IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| ROBERT MATHEW HOLGUIN, JR., | CV 18-00014-GF-BMM-JTJ |
| Plaintiff, | |
| vs. | ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES OF MAGISTRATE JUDGE |
| CASCADE COUNTY, et al., | |
| Defendants. | |

Plaintiff Robert Holguin, a prisoner proceeding in forma pauperis and without counsel, has filed what has been construed as three motions to amend his Complaint.  (Docs. 6, 7, 10.)  Rule 15(a) of the Federal Rules of Civil Procedure provides:

> A party may amend its pleading once as a matter of course within:
> (A) 21 days after serving it, or
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Fed.R.Civ.P. 15(a)(1).  The Complaint was directed to be served upon Defendants by Order dated February 27, 2018.  (Doc. 4.)  Counsel for Defendants waived service on March 29, 2018 (Doc. 8) and Defendants filed an Answer on April 30, 2018 (Doc. 12).  Mr. Holguin's motions to amend were filed within 21 days of

waiver of service of the Complaint, accordingly the motions to amend will be granted.  However, since Mr. Holguin is a prisoner proceeding in forma pauperis, the Court must review his amendments to the Complaint under 28 U.S.C. §§ 1915, 1915A.  Sections 1915A(b) and 1915(e)(2)(B) require the Court to dismiss a complaint filed in forma pauperis and/or by a prisoner against a governmental defendant before it is served if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

The Court finds that the claims which Mr. Holguin seeks to amend are frivolous and should be dismissed.

### A.  Racial Discrimination/Harassment

Mr. Holguin seeks to amend his Complaint to raise a racial discrimination claim against Defendants Cascade County, Cascade County Attorney's Office, Cascade County Attorney's Office Employees Joshua A. Racki, Valerie M. Winfield, Stephanie L. Fueller, Cascade County Sheriff's, Cascade County Sheriff's Department, Correctional Officer Warner, and Attorney Sam Harris.  He specifically asks to add Defendants Warner and Harris.

Mr. Holguin first argues that his criminal defense lawyer, Scott Harris, has belittled, disrespected, insulted, prejudiced, racially profiled, and made bigotory

2

remarks to Mr. Holguin.  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).  In *Polk County v. Dodson,* 454 U.S. 312 (1981), the United States Supreme Court held that public defenders do not act "under color of state law" when performing traditional lawyer duties.  *Miranda v. Clark County,* 319 F.3d 465, 468 (9th Cir. 2003)(en banc).  Whether Mr. Harris is a public defender or an appointed private attorney, Mr. Holguin cannot state a federal claim against Mr. Harris because he is not a state actor.

Mr. Holguin's only allegation against Office Warner is that he was present during a conversation between Mr. Holguin and Mr. Harris and laughed when they were talking.  This is insufficient to state a federal constitutional claim for relief. Mere verbal harassment or abuse, including the use of racial epithets, does not violate the Constitution and, thus, does not give rise to a claim for relief under 42 U.S.C. § 1983.  *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987); *Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987).  Mr. Holguin's allegations that Officer Warner laughed during the course of a conversation which he alleges was racial in nature, is insufficient to state a claim.

3

To the extent Mr. Holguin's raises racial discrimination claims against Cascade County, Cascade County Attorney's Office, Cascade County Attorney's Office Employees Joshua A. Racki, Valerie M. Winfield, Stephanie L. Fueller, Cascade County Sheriff's, Cascade County Sheriff's Department the Court should abstain from hearing those claims for the reasons Mr. Holguin cannot otherwise challenge his state court criminal proceedings in this Court.

There is a strong policy against federal intervention in pending state judicial processes in the absence of extraordinary circumstances. *Younger v. Harris*, 401 U.S. 37, 43-45 (1971); *see also Gilbertson v. Albright*, 381 F.3d 965, 973 (9th Cir. 2004) (quoting *Middlesex County Ethics Committee v. Garden State Bar Association*, 457 U.S. 423, 431 (1982)). "*Younger* abstention is a jurisprudential doctrine rooted in overlapping principles of equity, comity, and federalism." *San Jose Silicon Valley Chamber of Commerce Political Action Committee v. City of San Jose*, 546 F.3d 1087, 1091 (9th Cir. 2008). Specifically, *Younger* directs federal courts to abstain from granting injunctive or declaratory relief that would interfere with pending state or local criminal proceedings. *Gilbertson*, at 381 F.3d at 968.

*Younger* abstention also applies to federal civil actions under § 1983 requesting money damages. *Gilbertson v. Albright*, 381 F.3d 965, 979 (9th Cir.

4

2004).  Claims for damages which turn on alleged violations of constitutional

rights caused by ongoing criminal prosecutions implicate the same grounds for

abstention as are implicated by claims for injunctive and declaratory relief.

*Gilbertson*, 381 F.3d at 979-980.

   "Abstention in civil cases 'is appropriate only when the state proceedings:

(1) are ongoing, (2) are quasi-criminal enforcement actions or involve a state's

interest in enforcing the orders and judgments of its courts, (3) implicate an

important state interest, and (4) allow litigants to raise federal challenges.'" *Cook*

*v. Harding*, 879 F.3d 1035, 1039 (9th Cir. 2018)(*quoting ReadyLink Healthcare,*

*Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 759 (9th Cir. 2014), *Sprint*

*Commc'ns., Inc. v. Jacobs*, 571 U.S. 69, 81 (2013)).

   Where applicable, *Younger* abstention is mandatory.  Absent exceptional

circumstances, the district courts do not have discretion to avoid the doctrine if the

elements of *Younger* abstention exist in a particular case.  *City of San Jose*, 546

F.3d at 1092 (citation omitted).  The recognized exceptional circumstances are

limited to "a 'showing of bad faith, harassment, or some other extraordinary

circumstance that would make abstention inappropriate.'"  *Id*. (quoting *Middlesex*

*County Ethics Committee v. Garden State Bar Association*, 457 U.S. 423, 435

(1982)).

5

All of the elements of *Younger* abstention are established in this case.  First, Mr. Holguin admits there are ongoing criminal proceedings pending against him in state court.  Second, the referenced criminal proceedings implicate important state interests.  The State of Montana, through its state and local prosecuting offices, has a significant state interest in prosecuting conduct that constitutes a criminal offense under the laws of Montana.  This Court may not interfere with those interests when that prosecutorial process is ongoing as alleged by Mr. Holguin.

Third, with regard to Mr. Holguin's opportunity to raise any issue, or to assert any constitutional right in the state court — matters that he is attempting to present to this Court — he bears the burden to establish "that state procedural law bar[s] presentation of [his] claims[]" in the state court proceedings.  *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987) (quoting *Moore v. Sims*, 442 U.S. 415, 432 (1979)).  Mr. Holguin has opportunities under Montana law, and the laws and rules of criminal procedure set forth in Title 46, Mont. Code Ann., to file motions, or to request certain forms of relief from the state court to address the alleged violations of his constitutional rights relative to his prosecution as pled in this case.

Fourth, any interference by this Court in Mr. Holguin's state court criminal proceedings would interfere with the state court proceedings in a way that

*Younger* disapproves.

The Court can see no exceptional circumstances that would render *Younger* abstention inapplicable.  Consequently, the Court should abstain from proceeding with consideration of Mr. Holguin's allegations of racial discrimination regarding his ongoing state court criminal proceedings as set forth in Amendment 1.  (Doc. 6.)

### B.  Denial of Access to the Courts

In his second and third motions, Mr. Holguin seeks to amend his denial of access to the courts claims raised in Count III of his Complaint.  (Docs. 7, 10.)  In the Court's Order dated February 27, 2018, it was determined that Mr. Holguin's allegations of denial of access to the courts failed to state a claim as currently plead but he was allowed to file an amended complaint.  (Doc. 4 at 6-7.)  In his motions to amend, Mr. Holguin alleges he has requested state and federal law, rules and procedures, and legal books to assist him in this case.  His requests have been denied pursuant to Cascade County Detention Center Policy which Mr. Holguin contends states that inmates do not have access to the law library unless order by the Courts as pro se on criminal cases.  He alleges that the Detention Center does not provide legal library or computer access to pretrial detainees thus denying him meaningful access to the courts.  He states that not having access to

7

legal materials has significantly injured his ability to access the Court in this case because his has had viable claims dismissed.

Inmates have a "fundamental constitutional right of access to the courts." *Bounds v. Smith*, 430 U.S. 817, 828 (1977).  This includes "both a right to meaningful access to the courts and a broader right to petition the government for a redress of his grievances."  *Silva v. Di Vittorio*, 658 F.3d 1090, 1102 (9th Cir. 2011), *invalidated on other grounds by Coleman v. Tollefson*, __U.S.__, 135 S. Ct. 1759 (2015).  That right, however, only encompasses the ability to bring petitions or complaints to federal court and not to discover or even effectively litigate such claims once filed with a court.  *Lewis v. Casey*, 518 U.S. 342, 354 (1996); *see also Cornett v. Donovan*, 51 F.3d 894, 899 (9th Cir. 1995) ("The right of access is designed to ensure that a habeas petition or civil rights complaint of a person in state custody will reach a court for consideration.")  The right "guarantees no particular methodology but rather, the conferral of a capability-the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts."  *Lewis*, 518 U.S. at 356.

*Bounds* requires only that jail or prison officials provide resources adequate to "meet minimum constitutional standards sufficient to provide meaningful, though perhaps not 'ideal,' access to the courts."  *Phillips v. Hust*, 588 F.3d 652,

8

656 (9th Cir. 2009)(*citing Lindquist v. Idaho State Bd. of Corr.*, 776 F.2d 851, 856 (9th Cir. 1985)).  The right does not "require a prison to provide its inmates with 'a library that results in the best possible access to the courts.' " *Id.* at 656 (citation omitted) (emphasis in the original); *see also Sands v. Lewis*, 886 F.2d 1166, 1169 (9th Cir. 1989) ("[T]he Constitution does not require the elimination of all economic, intellectual, and technological barriers to litigation.").

To plead a cognizable claim for denial of access to the courts, a plaintiff must allege the denial of such access caused him an "actual injury" to a nonfrivolous claim regarding a conviction or conditions of confinement. *Lewis v. Casey*, 518 U.S. 343, 350–55 (1996); *Barren v. Harrington*, 152 F.3d 1193, 1195 (9th Cir. 1998).  An "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim."  *Lewis*, 518 U.S. at 348; *see also Jones v. Blanas*, 393 F.3d 918, 936 (9th Cir. 2004) (defining actual injury as the "inability to file a complaint or defend against a charge").  The failure to allege an actual injury is "fatal." *Alvarez v. Hill*, 518 F.3d 1152, 1155 n.1 (9th Cir. 2008) ("Failure to show that a 'non-frivolous legal claim had been frustrated' is fatal." (*quoting Lewis*, 518 U.S. at 353 & n.4)).

Here, Mr. Holguin's only allegation of having suffered an actual injury is

that he has had what he contends to be "viable claims" dismissed.  His allegations are insufficient to state a claim.  The Court has not actually dismissed any claims, it has just abstained from hearing Mr. Holguin's claims challenging his criminal proceedings until after the completion of those proceedings.  (Doc. 9.)  The only claim subject to dismissal is his denial of access to the courts claim.  But as set forth herein, that claim is frivolous.  Mr. Holguin has counsel in his criminal proceedings and he has shown that he is able to bring his civil claims as evidenced by the service of the majority of his claims.  He clearly has the capability of pursuing non-frivolous claims.  *See Lewis*, 518 U.S. at 356 ("the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts.").

### C.  Request for Appointment of Counsel

Attached to his third motion to amend is a request for the appointment of counsel.  A judge may only request counsel for an indigent plaintiff under "exceptional circumstances."  28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

> A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.'  Neither of these factors is dispositive and both must be viewed together before reaching a decision.

*Terrell*, 935 F.2d at 1017 (citing *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (citations omitted).  Many indigent plaintiffs might fare better if represented by counsel, but this is not the test.  *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997)(*withdrawn in part on other grounds on rehearing en banc by Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).  Plaintiffs representing themselves, or "pro se litigants," are rarely able to research and investigate facts easily.  This alone does not deem a case complex.  *See Wilborn*, 789 F.2d at 1331.  Factual disputes and anticipated examination of witnesses at trial does not establish exceptional circumstances supporting an appointment of counsel.  *Rand*, 113 F.3d at 1525.

Mr. Holguin argues he has no formal legal training or education, he lacks access to the courts and a law library, he cannot afford to hire a lawyer, his imprisonment greatly hinders his ability to litigate this case, this case will likely involve substantial investigation and discovery, the issues in the case are complex, a lawyer would help him apply the law properly, a trial in this case will likely involve conflicting testimony and a lawyer would assist him in the presentation of evidence and cross-examination of opposing evidence.  (Doc. 10-1.)

Mr. Holguin has not made a showing of exceptional circumstances.  Although his Complaint was served on Defendants, he has not demonstrated a

11

likelihood of success on the merits.  In addition, he has presented his claims

sufficiently and has not shown that he is unable to articulate his claims pro se.

Based upon the foregoing, the Court issues the following:

## ORDER

1.  Mr. Holguin's Motions to Amend (Docs. 6, 7, 10) are GRANTED.

2.  Mr. Holguin's Motion for the Appointment of Counsel (Doc. 10-1) is

DENIED.

Further, the Court issues the following:

## RECOMMENDATIONS

Mr. Holguin's claims against Sam Harris as raised in Amendment 1 (Doc. 6)

should be DISMISSED.

Mr. Holguin's claims against Correctional Officer Warner as raised in

Amendment 1 (Doc. 6) should be DISMISSED for failure to state a claim.

The Court should ABSTAIN from hearing Mr. Holguin's racial

discrimination claims regarding his ongoing state court criminal prosecution as set

forth in Amendment 1 as raised against Defendants Cascade County, Cascade

County Attorney's Office, Cascade County Attorney's Office Employees Joshua

A. Racki, Valerie M. Winfield, Stephanie L. Fueller, Cascade County Sheriff's,

Cascade County Sheriff's Department.  Mr. Holguin should be advised that if he

12

desires to continue with his claims raised in Amendment 1 (Doc. 6) after

disposition of the state court criminal proceedings, he must file a motion

requesting that the stay be lifted within thirty days of disposition of those

proceedings, unless an appeal is filed.  If he appeals, any request to reopen and lift

the stay must be filed within thirty days of completion of the appellate process.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may file objections to these Findings and Recommendations

within fourteen (14) days after service (mailing) hereof.[1]  28 U.S.C. § 636.  Failure

to timely file written objections may bar a de novo determination by the district

judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of

Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed

until entry of the District Court's final judgment.

DATED this 10th day of May, 2017.

*/s/ John Johnston*
John Johnston
United States Magistrate Judge

---

[1]Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)."  Therefore, since Mr. Holguin is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.