# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| ROBERT MATHEW HOLGUIN, JR., <br><br> Plaintiff, <br><br> vs. <br><br> CASCADE COUNTY, et al., <br><br> Defendants. | CV-18-00014-GF-BMM-JTJ <br><br><br> **ORDER** |

Plaintiff Robert M. Holguin, Jr. filed what has been construed as three motions to amend his Complaint. (Docs. 6, 7, 10.) United States Magistrate Judge John Johnston entered Findings and Recommendations in this matter on May 10, 2018. (Doc. 13.) Neither party filed objections.

When a party makes no objections, the Court need not review *de novo* the proposed Findings and Recommendations. *Thomas v. Arn*, 474 U.S. 140, 149-52 (1986). This Court will review Judge Johnston's Findings and Recommendations, however, for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

1

### A. Racial Discrimination/Harassment

Holguin seeks to amend his Complaint to raise a racial discrimination claim. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States are violated, and (2) that a person acting under color of state law committed the alleged violation. *West v. Atkins*, 487 U.S. 42, 48 (1988). Public defenders do not act "under color of state law" when performing traditional lawyer duties. *Polk County v. Dodson*, 454 U.S. 312 (1981).

Judge Johnston correctly determined that Scott Harris, acting as Holguin's criminal defense lawyer, did not act under color of state law. Holguin cannot state a federal claim against Harris. Judge Johnston correctly determined that Holguin's remaining allegations against Correctional Officer Warner do not rise to the level of stating a federal constitutional claim for relief. Judge Johnston further correctly determined that the Court should abstain from hearing Holguin's discrimination claims against Cascade County, the Cascade County Attorney's Office, Cascade County Attorney's Office Employees Joshua Racki, Valerie Winfield, and Stephanie Fueller, and the Cascade County Sheriff's Department as Holguin cannot otherwise challenge his state court criminal proceedings in this Court.

**B. Denial of Access to the Courts**

Holguin alleges that he has requested state and federal law, rules and procedures, and legal books to assist him in this case. Holguin alleges that his requests have been denied according to a Cascade County Detention Center Policy. Holguin contends that this policy does not allow inmates to access the law library unless ordered by the Courts as pro se on criminal cases. Holguin further contended that the Cascade County Detention Center does not provide legal library or computer access to pretrial detainees.

To plead a cognizable claim for denial of access to the courts, a plaintiff must allege the denial of such access caused him an "actual injury" to a nonfrivolous claim regarding a conviction or conditions of confinement. *Lewis v. Casey*, 518 U.S. 343, 350-55 (1996).

Judge Johnston correctly determined that Holguin's only allegation of having suffered actual injury is that Holguin contends that he had "viable claims" dismissed. His allegations prove insufficient to state a claim. The Court has not dismissed any claims. The Court has only abstained from hearing Holguin's claims challenging his criminal proceedings until after the completion of those proceedings.

### C. Request for Appointment of Counsel

Holguin attached a request for the appointment of counsel to his third motion to amend. A judge may only request counsel for an indigent plaintiff under "exceptional circumstances." 28 U.S.C. 1915(e)(1). Judge Johnston correctly determined that Holguin has not made a showing of exceptional circumstances.

The Court has reviewed Judge Johnston's Findings and Recommendations for clear error. The Court finds no error in Judge Johnston's Findings and Recommendations, and adopts them in full.

**IT IS ORDERED** that Judge Johnston's Findings and Recommendations (Doc. 13), are ADOPTED IN FULL.

**IT IS ORDERED** that Holguin's claims against Sam Harris as raised in Amendment 1 (Doc. 6) are DISMISSED.

**IT IS ORDERED** that Holguin's claims against Correctional Officer Warner as raised in Amendment 1 (Doc. 6) are DISMISSED.

**IT IS FURTHER ORDERED** that the Court shall ABSTAIN from hearing Holguin's racial discrimination claims regarding his ongoing state court criminal prosecution as set forth in Amendment 1 as raised against Defendants Cascade County, Cascade County Attorney's Office, Cascade County Attorney's Office Employees Joshua A. Racki, Valerie M. Winfield, Stephanie L. Fueller, Cascade County Sheriff's, and Cascade County Sheriff's Department. If Holguin desires to

continue with his claims raised in Amendment 1 (Doc. 6) after disposition of the state court criminal proceedings, he must file a motion requesting that the stay lifted within thirty days of disposition of those proceedings, unless an appeal is filed. If he appeals, any request to reopen and lift the stay must be filed within thirty days of completion of the appellate process.

DATED this 18th day of June, 2018.

/s/ Brian Morris

Brian Morris
United States District Court Judge