IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| ROBERT MATHEW HOLGUIN, JR., <br><br> Plaintiff, <br><br> vs. <br><br> CASCADE COUNTY, et al., <br><br> Defendants. | CV 18-00014-GF-BMM-JTJ <br><br><br> ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Pending are the following motions filed by Plaintiff Robert Holguin, a prisoner proceeding without counsel: motions to amend (Doc. 16, 18), motions to stay (Doc. 19, 38, 39), motion for protective order and reconsideration of the Court's denial of motion for appointment of counsel (Doc. 28), and to motion to subpoena audio recordings (Doc. 40). In addition, Defendants filed two motions for summary judgment (Docs. 22, 30), a motion in limine (Doc. 33), and an objection to Mr. Holguin's documents 41, 42, and 43 (Doc. 44).

**I. Motion to Amend (Doc. 16)**

Mr. Holguin filed his Complaint on January 29, 2018. On February 27, 2018, the Court required Defendants Cascade County, Cascade County Sheriff's Office/Cascade County Adult Detention Center (CCDC), Sheriff Bob Edwards,

1

Commander O'Fallen, and Officers Bennett, Light, Vanzout, Tibbetts, Gameon, and Walters to respond to Count I: overcrowding at CCDC from April 24, 2017 onward; Count II: excessive use of force (pepper spray) on September 4, 2017 and failure to properly decontaminate; Count IV: interference with legal mail from April 24, 2017 onward; and Count V: denial of hygiene items from April 24, 2017 onward (Counts I, II, IV, V). On June 6, 2018, Mr. Holguin filed his first motion to amend seeking to add three new claims against thirteen additional defendants.

### A. New Claims

In Count VIII, Mr. Holguin seeks to hold Cascade County, Cascade County Sheriff's Office, Sheriff Bob Edwards, Commander O'Fallon, and Detention Houseman liable because he alleges that on April 23, 2018, Detention Officer Housemann struck Mr. Holguin's hand and spilled his milk. (Doc. 16 at 3.)

In Count IX, Mr. Holguin seeks to hold Cascade County, Judge Best, the Cascade County Attorney's Office, County Attorneys Joshua Racki and Stephanie Fuller, his conflict attorney Lawrence Lafountain, and Cascade County Sheriff Office employees Culver, Werner, Richard, Mott, Sutherland, Freeling, Wilson, and Kurtz liable because he claims that during a March 5, 2018 search his legal and other personal correspondence was seized allegedly at the direction of the Cascade County Attorney's Office during the course of his state criminal

proceedings. (Doc. 16 at 4.) In that same count, he alleges that after he was moved to the hole on March 16, 2018, he was missing his new record sheet. (Doc. 16 at 5.)

In Count X, Mr. Holguin seeks to hold Cascade County, Cascade County Sheriff's Office, and Officer Jerome liable because he claims that on May 22, 2018, Detention Officer Jerome gave some of his legal and personal mail that was seized on March 5, 2018 to another inmate. (Doc. 16 at 7.)

**B. New Defendants**

Mr. Holguin seeks to add the following new defendants: Public Defender Lawrence Lafountain, District Judge Elizabeth Best, Cascade County Attorney's Office, and Cascade County Sheriff Office employees Houseman, Jerome, Culver, Werner, Richard, Mott, Sutherland, Freeling, Wilson, and Kurtz. (Doc. 16 at 2, 4.)

Mr. Holguin's attempt to name new defendants violates Federal Rules of Civil Procedure 20. Under Rule 20, a plaintiff may join any person as a defendant if: (1) any right to relief asserted against the defendant relates to or arises out of the same transaction, occurrence, or series of transactions or occurrences; and (2) there is at least one question of law or fact common to all the defendants. Fed. R. Civ. P. 20(a); *Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997). Mr. Holguin's claims against Detention Officer Houseman, Detention Officer Jerome,

3

Public Defender Lawrence Lafountain, District Judge Elizabeth Best, Cascade County Attorney's Office, and Cascade County Sheriff Office employees Culver, Werner, Richard, Mott, Sutherland, Freeling, Wilson, and Kurtz do not relate to or arise out the same transaction, occurrence, or series of transactions or occurrences as Mr. Holguin's claims which have been served on Defendants.

In addition, Mr. Lafountain cannot be sued under 42 U.S.C. § 1983. In *Polk County v. Dodson*, 454 U.S. 312 (1981), the United States Supreme Court held that public defenders do not act "under color of state law" when performing traditional lawyer duties. *Miranda v. Clark County*, 319 F.3d 465, 468 (9th Cir. 2003) (en banc). Because a defendant must have acted under color of state law to be liable under 42 U.S.C. § 1983, a public defender is not a proper defendant in such action. Furthermore, Judge Best is entitled to judicial immunity and is not a proper defendant. *See Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (absolute judicial immunity applies to judicial acts even when a judge's conduct "was in error, was done maliciously, or was in excess of his authority . . ."). The motion to amend to add these Defendants should be denied.

### C. Claims against Properly Joined Defendants

Rule 20, however, allows a plaintiff to join, as independent or alternative claims, as many claims as he has against a properly joined defendant, irrespective

4

of whether those additional claims also satisfy Rule 20. *See* Fed. R. Civ. P. 18(a); *Intercon Research Assoc., Ltd. v. Dresser Indus. Inc.*, 696 F.2d 53, 57 (7th Cir. 1982) ("[J]oinder of claims under Rule 18 becomes relevant only after the requirements of Rule 20 relating to joinder of parties has been met with respect to the party against whom the claim is sought to be asserted; the threshold question, then, is whether joinder of [a defendant] as a party was proper under Rule 20(a).").

As such, the Court will grant the motion to amend as it pertains to the current Defendants in this action. The Court, however, finds that Mr. Holguin's allegations are insufficient to state a claim against the current Defendants.

In Count VIII, Mr. Holguin seeks to hold Cascade County, Cascade County Sheriff's Office, Sheriff Bob Edwards, Commander O'Fallon, and Detention Houseman liable because he alleges that on April 23, 2018, Detention Officer Housemann struck Mr. Holguin's hand and spilled his milk (Doc. 16 at 3.) Mr. Holguin complains that Officer Houseman knocked his cup of milk out of his hand. Since Mr. Holguin was a pre-trial detainee at the time of this incident, his claims are governed by the Fourteenth Amendment, which protects pretrial detainees from the use of excessive force that amounts to punishment. *Graham v. Connor*, 490 U.S. 386, 395 n. 10 (1989). "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers," violates this standard.

*Id.*, 490 U.S. at 396-397 (*citing Johnson v. Glick*, 481 F.2d 1028, 1033 (2nd Cir. 1973) ). The use of force must be "objectively unreasonable." *Graham*, 490 U.S. at 397. Among the factors considered to determine whether force is excessive are: (1) the relationship between the need for the use of force and the amount of force used; (2) the extent of the plaintiff's injury; (3) any effort made to temper the amount of force; (4) the severity of the security problem at issue; (4) the threat reasonably perceived by the officer, and (5) whether the plaintiff was actively resisting. *Kingsley v. Hendrickson*, 135 S.Ct. 2466, 2473 (2015).

Even if Mr. Holguin could amend to add Officer Houseman, his claim does not rise to the level of a constitutional violation. Mr. Holguin does not allege any physical injury as a result of the incident or that Officer Houseman's actions were objectively unreasonable. Because Mr. Holguin failed to state an underlying constitutional violation, he cannot maintain a claim for municipal or supervisory liability. Neither a municipality nor a supervisor can be held liable under § 1983 where no injury or constitutional violation has occurred. *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) (holding "[i]f a person has suffered no constitutional injury at the hands of the individual police officer, the fact that the departmental regulations might have authorized the use of constitutionally excessive force is quite beside the point."); *Grossman v. City of Portland*, 33 F.3d

6

1200, 1203 (9th Cir.1994) (same).

In addition, with regard to all three new claims, Mr. Holguin does not provide any allegations against the current Defendants Cascade County, Cascade County Sheriff's Office, Sheriff Bob Edwards, or Commander O'Fallon. Both Sheriff Edwards and Commander O'Fallon are supervisory officials. A supervisor may only be liable under section 1983 upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Henry A. v. Willden*, 678 F.3d 991, 1003-04 (9th Cir. 2012). Mr. Holguin failed to allege any facts showing either of these prongs. First, there is no allegation that Sheriff Edwards or Commander O'Fallon were personally involved in the April 23, 2018 spilled milk incident, the March 5 or March 16, 2018 searches, or the May 22, 2018 incident when his documents were given to the wrong inmate. Secondly, there is no allegation of wrongful conduct by Sheriff Edwards or Commander O'Fallon or an explanation of the causal connection to these incidents. *Id.* There is no respondeat superior liability under section 1983. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *Ybarra v. Reno Thunderbird Mobile Home Village*, 723 F.2d 675, 680-81 (9th Cir. 1984). That is, Sheriff Edwards and Commander O'Fallon cannot be held liable for the acts of their

employees based merely on the fact that they are supervisors.

Similarly, Cascade County, a municipal entity, cannot be held liable on a respondeat superior theory that it is responsible for the actions of its employees. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978) (holding municipalities cannot be held liable under Section 1983 based upon respondeat superior theory). Local governments, such as Cascade County, are "persons" subject to liability under Section 1983 only where official policy or custom causes a constitutional tort. *Monell*, 436 U.S. at 690. To impose municipal liability under Section 1983 for a violation of constitutional rights, a plaintiff must show: (1) that the plaintiff possessed a constitutional right of which he or she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy is the moving force behind the constitutional violation. *See Plumeau v. School Dist. #40 County of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997). Mr. Holguin made no such allegations. These claims should be dismissed.

## II. Motion to Amend to Add Information (Doc. 18)

Mr. Holguin's Motion to Amend to Add Information (Doc. 18) will be granted. The Court has reviewed the documents attached to this motion and considered those documents in the analysis of Mr. Holguin's claims.

### III. Motions to Stay (Docs. 19, 39)

Mr. Holguin seeks to stay this matter "until I am able to access the legal law library and law materials." (Doc. 19.) He indicates that he cannot afford counsel, does not have access to a law library, law materials, and is in the midst of his state criminal case.[1] He filed a similar motion for abeyance on January 2, 2019 indicating that he would be sentenced on January 7, 2019.

Mr. Holguin, however, recently filed a number of additional responses to Defendants' Motion for Summary Judgment. Although Defendants object to these filings as being in contravention of the Court's Scheduling Order (Doc. 44), the Court will consider these filing and deny Mr. Holguin's motions to stay.

### IV. Motion to Provide Protection Order for Documents and/or Pickup Documents

Mr. Holguin contends employees of CCDC are interfering with his legal and personal mail. As a result, he asks for a court paralegal or clerk to come to CCDC and personally pick up his documents. (Doc. 28.) The Court has "no obligation to act as counsel or paralegal to pro se litigants." *Pliler v. Ford*, 542 U.S. 225, 231 (2004). As such, the request for a court employee to personally pick up Mr.

---

[1] An identical motion was filed on January 2, 2019 (Doc. 38) but it appears that motion was intended to be an exhibit to Mr. Holguin's January 2, 2019 Motion for Abeyance (Doc. 39). The Clerk of Court will be directed to terminate document number 38.

9

Holguin's filings will be denied.

Mr. Holguin also requests that the court reconsider his motion for appointment of counsel and for a protective order for all his legal and personal documents. The Court will not appoint counsel for Mr. Holguin. As Mr. Holguin was previously advised, a judge may only request counsel for an indigent plaintiff under "exceptional circumstances" which requires an evaluation of both the likelihood of success on the merits and the ability to articulate his claims pro se in light of the complexity of the legal issues. 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). In light of the recommendation that this matter be dismissed for failure to exhaust administrative remedies, Mr. Holguin cannot make a showing of likelihood of success on the merits.

## V. Motion to Subpoena Audio Recordings of Criminal Trial

On December 31, 2018, Mr. Holguin filed a motion seeking a subpoena for the trial transcripts of his criminal case. In light of the recommendation that this matter be dismissed for failure to exhaust administrative remedies, the motion for a subpoena will be denied.

## VI. Defendants' First Motion for Summary Judgment

### A. Standard

Summary judgment is appropriate if there is no genuine issue of material

fact and the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a). The party moving for summary judgment has the initial burden of showing there is no genuine issue of material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). If the moving party makes a prima facie showing that summary judgment is appropriate, the burden shifts to the opposing party to show the existence of a genuine issue of material fact. *Id*. On summary judgment, all inferences should be drawn in the light most favorable to the party opposing summary judgment. *Id*. at 159.

By notice provided on August 10, 2018 (Doc. 25), Mr. Holguin was advised of the requirements for opposing a motion brought pursuant to Rule 56 of the Federal Rules of Civil Procedure. *See Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1998)(en banc); *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988).

**B. Analysis**

The Prison Litigation Reform Act ("PLRA")'s exhaustion requirement states:

> [n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a); *see also Porter v. Nussle*, 534 U.S. 516, 524-25 (2002);

*Booth v. Churner*, 532 U.S. 731, 741 (2001). This means a prisoner must "complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Woodford v. Ngo*, 548 U.S. 81, 88 (2006). Exhaustion is mandatory. *Booth,* 532 U.S. at 741; *Jones v. Bock*, 549 U.S. 199, 211 (2007). Under the PLRA, prison regulations define the exhaustion requirements. *Jones*, 549 U.S. at 218.

The exhaustion requirement "requires compliance with both procedural and substantive requirements set forth by prison grievance processes in order to ensure that the prison receives the 'opportunity to correct its own mistakes . . . before it is haled into federal court.' " *Manley v. Rowley*, 847 F.3d 705, 711 (9th Cir. 2017) (*quoting Woodford v. Ngo*, 548 U.S. 81, 89 (2006)). A grievance will suffice "if it alerts the prison to the nature of the wrong for which redress is sought." *Sapp v. Kimbrell*, 623 F.3d 813, 824 (9th Cir. 2010); *see Morton v. Hall*, 599 F.3d 942, 946 (9th Cir. 2010). "The grievance 'need not include legal terminology or legal theories,' because 'the primary purpose of a grievance is to alert the prison to a problem and facilitate its resolution, not to lay groundwork for litigation.' " *Reyes v. Smith*, 810 F.3d 654, 659 (9th Cir. 2016) (*quoting Griffin v. Arpaio*, 557 F.3d 1117, 1120 (9th Cir. 2009)).

The defendant bears the ultimate burden of proving failure to exhaust. *See Brown v. Valoff*, 422 F.3d 926, 936 (9th Cir. 2005). If the defendant initially shows that (1) an available administrative remedy existed and (2) the prisoner failed to exhaust that remedy, then the burden of production shifts to the plaintiff to bring forth evidence "showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Albino v. Baca*, 747 F.3d 1162, 1172 (9th Cir. 2014). Once the defendant has carried that burden, the prisoner must produce evidence demonstrating that "the local remedies were ineffective, unobtainable, unduly prolonged, inadequate, or obviously futile." *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015) (internal citations and quotation marks omitted).

Mr. Holguin was first incarcerated at CCDC on April 24, 2017. (Defendants' First Statement of Undisputed Facts, Doc. 24 (hereinafter "SUF"), at ¶ 1.) Defendants contend that Mr. Holguin received a copy of the CCDF Inmate Rule Book upon his intake to the Detention Center and that the Rule Book contains a grievance procedure. (SUF at 2.) On January 4, 2019 (five months after the filing of Defendants' Motion for Summary Judgment), Mr. Holguin filed an objection to Defendants' Statement of Undisputed Facts. (Doc. 41.) Therein, he contends that not all detainees receive a rule book and he received his copy

13

from another pretrial detainee. (Doc. 41 at 1.) Regardless, where Mr. Holguin got the rule book, he admitted when he filed his Complaint that CCDC had a grievance procedure and that he did not file a grievance at CCDC concerning the facts relating to his Complaint. (Complaint, Doc. 2 at 17, ¶¶ VI(B)(C).)

Defendants did not submit a copy of the grievance policy with their initial motion for summary judgment but attached a copy of the Disciplinary Rules for County Inmates for the Cascade County Adult Detention Center to their second motion for summary judgment. (Doc. 32-7.) Those rules provide in part:

> 4. Inmates who are not satisfied with the response of the Grievance Coordinator may file a kite to the Administrator.
>
> 5. Time limits for answering grievances at each step are established. If additional time is needed by reviewing officials to make a decision the time limits may be extended. Extensions of time shall be communicated in writing to the grievant. Appeals not submitted within the established time frame will result in forfeiture of the remaining appeal process. Initial written response is (5) five working days from the date of receipt, appeals must be submitted within (3) three days to the Administrator and the Administrator has (10) ten working days to answer.

(Doc. 32-7 at 11.)

There are four claims currently pending before the Court: the overcrowding claim, the September 4, 2017 pepper spray incident, the interference with legal mail claim, and the claim that Mr. Holguin was denied sanitary supplies. It is

undisputed that Mr. Holguin never filed a grievance regarding any of these claims prior to the filing of his Complaint. Under the Prison Litigation Reform Act (PLRA), a prisoner must exhaust administrative remedies prior to filing suit and the Court must dismiss the action even if the prisoner exhausts while the suit is pending. *McKinney v. Carey*, 311 F.3d 1198 (9th Cir. 2002).

Accordingly, the Court finds that Defendants have met their burden of showing that (1) an available administrative remedy existed and that (2) Mr. Holguin failed to exhaust that remedy. Accordingly, the burden shifts to Mr. Holguin to bring forth evidence "showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Albino*, 747 F.3d at 1172.

Mr. Holguin indicates in the Complaint that the reason he did not file a grievance is that "kites go unanswered, fear of retaliation from c/o's, fear from inmate(s) who attacked and threatened" him. (Doc. 2 at 17, ¶ VI(E)(1).) But Defendants indicated that Mr. Holguin filed at least seven grievances between January 25, 2018 and August 5, 2018. (Statement of Undisputed Facts, Doc. 24-1 at 4-10.) In fact, there are twelve grievances filed by Mr. Holguin between January 25, 2018 and August 5, 2018 in the record. *See* Docs. 24-1 at 1-10, 18-1 at 39, 43-44, 46, 47. The Complaint, however, was signed and dated by Mr.

Holguin on January 25, 2018. The only grievance which addressed an issued raised in the Complaint is Mr. Holguin's May 23, 2018 informal grievance seeking a complete indigent kit including a bar of soap. (Doc. 18-1 at 39.) However, that grievance was submitted after the filing of the Complaint and it could not have satisfied the exhaustion requirement because a prisoner must exhaust administrative remedies prior to filing suit. *See McKinney*, 311 F.3d 1198.

Although Mr. Holguin claims Defendants tampered with and seized his evidence and committed perjury (Doc. 41), he does not specifically dispute that he filed grievances and was aware of the grievance policy. Mr. Holguin contends he only became aware of the proper way to file a grievance when state prison Grievance Officer Lehan explained it to him on August 30, 2018. But he also argues that he submitted more than six grievances since April 24, 2017 and that he filed grievances and appeals which were denied, not processed, and/or defaulted on by defendants. Mr. Holguin was clearly able to file grievances and he failed to do regarding the pending issues prior to filing the Complaint.

Mr. Holguin has not produced sufficient evidence to demonstrate that the CCDC grievance procedures were "ineffective, unobtainable, unduly prolonged, inadequate, or obviously futile." *See Williams,* 775 F.3d at 1191. He admitted in his Complaint that CCDC had a grievance procedure which he did not use, he

admitted he had a copy of the inmate rule book, and it is undisputed that he filed a number of grievances during his incarceration at CCDC. He provides no evidence to explain why he did not attempt to utilize CCDC's grievance procedures prior to filing his Complaint. Mr. Holguin's failure to exhaust his administrative remedies warrants dismissal of this action without prejudice.

Based upon the foregoing, the Court issues the following:

## ORDER

1. Mr. Holguin's Motion to Add Amendments: Count VIII: Mistreatment of Prisoner, Count IX: Search and Seizure of Legal Paperwork/Personal, Count X: Retaliation (Doc. 16) is GRANTED as to the new claims raised against Defendants Cascade County, the Cascade County Sheriff's Office, Sheriff Edwards, and Commander O'Fallon.

2. Mr. Holguin's Motion to Amend to Add Information (Doc. 18) is GRANTED.

3. Mr. Holguin's Motion to Stay these Claims: I, II, III, IV, V, VI, VII, VIII, IX, X (Doc. 19) is DENIED.

4. Mr. Holguin's Motion to Provide Protection Order for Documents, Pickup Documents, and Reconsider Counsel (Doc. 28) is DENIED.

5. In light of the recommendation to grant Defendants' First Motion for

Summary Judgment, Defendants' Motions in Limine (Doc. 33) are DENIED AS MOOT.

6. The Clerk of Court should terminate Document 38–motion to stay as duplicative of Doc. 19.

7. Mr. Holguin's Motion for Abeyance (Doc. 39) is DENIED. His request for a copy of the "case registrar" (Doc. 39) is GRANTED and Mr. Holguin was provided a copy of the Court's docket on January 2, 2019.

8. Mr. Holguin's Motion to Subpoena Audio Recordings and Trial Transcripts of Plaintiff's Criminal Proceedings (Doc. 40) is DENIED.

9. Defendants' Objection to Plaintiff's Documents 41, 42, and 43 (Doc. 44) as construed as a motion to strike documents 41, 42, and 43 is DENIED.

Further, the Court issues the following:

## RECOMMENDATIONS

1. Mr. Holguin's Motion to Add Amendments: Count VIII: Mistreatment of Prisoner, Count IX: Search and Seizure of Legal Paperwork/Personal, Count X: Retaliation (Doc. 16) should be DENIED as to Defendants Public Defender Lawrence Lafountain, District Judge Elizabeth Best, Cascade County Attorney's Office, and Cascade County Sheriff Office employees Houseman, Jerome, Culver, Werner, Richard, Mott, Sutherland, Freeling, Wilson, and Kurtz.

2. Mr. Holguin's claims against Cascade County, the Cascade County Sheriff's Office, Sheriff Edwards, and Commander O'Fallon as raised in his Motion to Add Amendments: Count VIII: Mistreatment of Prisoner, Count IX: Search and Seizure of Legal Paperwork/Personal, Count X: Retaliation (Doc. 16) should be DISMISSED for failure to state a claim.

3. Defendants' First Motion for Summary Judgment (Doc. 22) should be GRANTED and this matter should be DISMISSED WITHOUT PREJUDCE.

4. Defendants' Second Motion for Summary Judgment (Doc. 30) should be DENIED AS MOOT.

5. The Clerk of Court should be directed to close the case and enter judgment in favor of Defendants pursuant to Rule 58 of the Federal Rules of Civil Procedure.

6. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. No reasonable person could suppose an appeal would have merit.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may file objections to these Findings and Recommendations

within fourteen (14) days after service (mailing) hereof.[2] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal. This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 12th day of February, 2019.

                 */s/ John Johnston*
                 John Johnston
                 United States Magistrate

---

[2] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)." Therefore, since Mr. Holguin is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.