IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| ROBERT MATHEW HOLGUIN, JR, | CV 18–14–GF–BMM–JTJ |
| Plaintiff, | |
| vs. | ORDER |
| CASCADE COUNTY, et al., | |
| Defendants. | |

Pending before the Court are the following motions filed by Plaintiff Robert Holguin, a prisoner proceeding without counsel: motions to amend (Docs. 16, 18); motions to stay (Docs. 19, 38, 39); motion for protective order and reconsideration of the Court's denial of motion for appointment of counsel (Doc. 28); and motion to subpoena audio recordings (Doc. 40.) Defendants filed the following motions: two motions for summary judgment (Docs. 22, 30), a motion in limine (Doc. 33), and an objection to Mr. Holguin's documents 41, 42, and 43 (Doc. 44.)

United States Magistrate Judge John Johnston entered his Findings and Recommendations in this case on February 12, 2019. (Doc. 46.) Judge Johnston issued the following orders: Holguin's motions to amend (Doc 18) is granted as to the new claims raised against Defendants Cascade County, the Cascade County

Sheriff's Office, Sheriff Edwards, and Commander O'Fallon. (Doc. 46 at 17.)

Holguin's Motion to Amend to Add Information (Doc. 18) is granted. (Doc. 46 at

17.) Holguin's Motion to Stay Claims I-X (Doc. 19) is denied. (Doc. 46 at 17.)

Holguin's Motion to Provide Protection Order for Documents, Pickup Documents,

and Reconsider Counsel (Doc. 28) is denied. (Doc. 46 at 17.) Defendants' Motions

in Limine (Doc. 33) are denied as moot. (Doc. 46 at 17-18.) Holguin's Motion to

Stay (Doc. 38) is terminated as duplicative of Doc. 19. (Doc. 46 at 18.) Holguin's

Motion for Abeyance (Doc. 39) is denied and his request for a copy of the "case

registrar" (Doc. 39) is granted. (Doc. 46 at 18.) Holguin's Motion to subpoena

Audio Recordings and Trial Transcripts of Plaintiff's Criminal Proceedings (Doc.

40) is denied. (Doc. 46 at 18.) Defendants' Objection to Plaintiff's Documents 41,

42, and 43 (Doc. 44) is denied. (Doc. 46 at 18.)

Judge Johnston issued further the following recommendations: Holguin's

Motion to Add Amendments: Count VIII: Mistreatment of Prisoner, Count IX:

Search and Seizure of Legal Paperwork/Personal, Count X: Retaliation (Doc. 16)

should be denied as to Defendants Public Defender Lawrence Lafountain, District

Judge Elizabeth Best, Cascade County Attorney's Office, and Cascade County

sheriff Office employees Houseman, Jerome, Culver, Werner, Richard, Mott,

Sutherland, Freeling, Wilson, and Kurtz. (Doc. 46 at 18.) Judge Johnston further

recommended that Holguin's claims against Cascade County, the Cascade County

Sheriff's Office, Sheriff Edwards, and Commander O'Fallon as raised in his Motion to Add Amendments: Count VIII: Mistreatment of Prisoner, Count IX: Search and Seizure of Legal Paperwork/Personal, Count X: Retaliation (Doc. 16) should be dismissed for failure to state a claim. (Doc. 46 at 19.) Judge Johnston further recommended that Defendants' First Motion for Summary Judgment (Doc. 22) should be granted and this matter should be dismissed without prejudice. (Doc. 46 at 19.) Judge Johnston further recommended that Defendants' Second Motion for Summary Judgment (Doc. 30) should be denied as moot. (Doc. 46 at 19.)

Holguin timely filed an objection on February 28, 2019. (Doc. 47.) The Court reviews de novo Findings and Recommendations timely objected to. 28 U.S.C. § 636(b)(1). The Court reviews for clear error the portions of the Findings and Recommendations not specifically objected to. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). "A party makes a proper objection by identifying the parts of the magistrate's disposition that the party finds objectionable and presenting legal argument and supporting authority, such that the district court is able to identify the issues and the reasons supporting a contrary result." *Montana Shooting Sports Ass'n v. Holder*, 2010 WL 4102940, at *2 (D. Mont. Oct. 18, 2010) (citation omitted). Where a party's objections constitute perfunctory responses argued in an attempt to engage the district court in a reargument of the same arguments set forth in the original

response, however, the Court will review the applicable portions of the findings and recommendations for clear error. *Rosling v. Kirkegard*, 2014 WL 693315 *3 (D. Mont. Feb. 21, 2014) (internal citations omitted).

## I.    Holguin's Objections

Holguin first objects to Judge Johnston's analysis of Count VIII. (Doc. 16.) Holguin argues that his Fourteenth Amendment right to be protected from excessive use of force that amounts to punishment was violated. (Doc. 47 at 1.) This argument is an attempt to re-assert Holguin's argument set forth originally. Holguin fails to demonstrate through facts, legal argument, and supporting authority that a constitutional violation has occurred. Holguin fails to properly object to judge Johnston's findings and recommendations regarding Doc. 16.

Holguin next objects to Judge Johnston's determinations as to Holguin's Motions to Stay (Docs. 19, 39.) Holguin fails to present an argument to support his objection. Holguin fails to properly object to Judge Johnston's findings and recommendations regarding Docs. 19 and 39.

Holguin next objects to Judge Johnston's determination regarding Holguin's Motion to Provide Protection Order for Documents and/or Pickup Documents. (Doc. 28.) Holguin argues that he is entitled to protection of his documents that are allegedly being taken and interfered with. (Doc. 47 at 1.) Holguin's argument

constitutes a reargument of the same issue set forth originally. Holguin acknowledges that the Court cannot pick up his documents for him. *Id.* Holguin fails to present an argument supporting an alternative remedy or solution. Holguin also objects to the Judge Johnston's denial of appointment of counsel. Holguin fails to support his objection. Holguin therefore fails to properly object to Judge Johnston's findings and recommendations regarding Doc. 28.

Holguin next objects to Judge Johnston's determination regarding Holguin's Motion to Subpoena Audio Recordings of Criminal Trial. (Doc. 40.) Judge Johnston determined that this motion should be dismissed for failure to exhaust administrative remedies. (Doc. 46 at 10.) Holguin fails to demonstrate that his administrative remedies have been exhausted, or otherwise provide a legal argument in support of his objection. Holguin fails to properly object to Judge Johnston's findings and recommendations regarding Doc. 40.

Holguin next objects to Judge Johnston's determination regarding Defendants' First Motion for Summary Judgment. (Doc. 22.) Judge Johnston determined that administrative remedies are available to Holguin, and Holguin failed to exhaust those remedies. *Id.* at 13. Holguin argues that agents of the state continuously illegally search Holguin's documents and correspondence, thus rendering the exhaustion requirement moot. Holguin fails to meet his burden to

show that the remedies were unavailable to him. Holguin further fails to provide a legal argument and supporting authority to support his objection. Holguin fails to properly object to Judge Johnston's findings and recommendations regarding Doc. 22.

The remainder of Judge Johnston's findings and recommendations have been reviewed for clear error. The Court finds no clear error in Judge Johnston's findings and recommendations.

**ACCORDINGLY, IT IS ORDERED** that Judge Johnston's Findings and Recommendations (Doc. 46) are **ADOPTED IN FULL.**

**IT IS FURTHER ORDERED** that Holguin's Motion to Add Amendments: Count VIII: Mistreatment of Prisoner, Count IX: Search and Seizure of Legal Paperwork/Personal, Count X: Retaliation (Doc. 16) is **DENIED** as to Defendants Public Defender Lawrence Lafountain, District Judge Elizabeth Best, Cascade County Attorney's Office, and Cascade County sheriff Office employees Houseman, Jerome, Culver, Werner, Richard, Mott, Sutherland, Freeling, Wilson, and Kurtz.

**IT IS FURTHER ORDERED** that Holguin's claims against Cascade County, the Cascade County Sheriff's Office, Sheriff Edwards, and Commander O'Fallon as raised in his Motion to Add Amendments: Count VIII: Mistreatment

of Prisoner, Count IX: Search and Seizure of Legal Paperwork/Personal, Count X: Retaliation (Doc. 16) is **DISMISSED** for failure to state a claim.

**IT IS FURTHER ORDERED** that Defendants' First Motion for Summary Judgment (Doc. 22) is **GRANTED** and this matter is dismissed without prejudice.

**IT IS FURTHER ORDERED** that Defendants' Second Motion for Summary Judgment (Doc. 30) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to close the case and enter judgment in favor of Defendants pursuant to Rule 58 of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. No reasonable person could suppose an appeal would have merit.

DATED this 6th day of March, 2019.

Brian Morris
United States District Court Judge